THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY L. WASHINGTON, Defendant-Appellant.

(No. 12620;

Fourth District—September 5, 1974.

John F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Kai A. Wallis, of Circuit Attorney Project, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

As a result of a traffic accident, the defendant was charged with (1) driving under the influence of intoxicating liquor, (2) leaving the scene of an accident, (3) reckless driving, (4) failure to yield to a pedestrian at a crosswalk, (5) improper use of registration, and (6) failure to secure new registration. The defendant pleaded guilty to Counts I and IV above recited, and the remaining counts were dismissed.

In informing the defendant of the nature of the charges, the court specified that he was charged with driving while under the influence of intoxicating liquor on the 5th day of December, 1972, at approximately 5:20 P.M. at the general location of Main Street and Dry Grove in Normal, Illinois, and that the charge of failure to yield to a pedestrian at a crosswalk appeared from the complaint to have occurred at the same location, time, and date, and inquired of the defendant whether he understood both of the charges. The defendant replied, "Yes, Sir." In reply to whether or not he understood what it is you're charged with, the defendant replied, "Yes, Sir." The court: "Do you have any questions, etc.?" Defendant: "No, Sir." The court: "Do you have any questions about either of the two charges?" Defendant: "No, Sir." The trial court next proceeded to give him a thorough interrogation of his various rights and explained the penalty provisions for the offenses in question. Since the offenses occurred in 1972, and heard in 1973, defendant was informed of the possible sentences both before and after the new Code and gave him his choice. The State's attorney provided an extensive factual basis for the plea and inquired of the defendant whether he had any questions at all about anything at this point. The defendant responded in the negative. The factual statement likewise indicated that the defendant had struck a pedestrian in a crosswalk while that pedestrian was crossing the street with the walk sign.

■■ In *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533, it was stated that the crux of the requirement of Supreme Court Rule 402(a)(1) is understanding. In the case at bar, the only failure of the trial court was to specifically mention the section of the Code that proscribes the defendant's conduct. We have a defendant who was a college graduate, who had received a prior driving while intoxicated conviction, who had received copies of the complaint, who was represented by privately retained counsel, and who had been informed of the day, time, and place of what he actually did. Under these circumstances, it seems to us pure sophistry to say that this defendant did not understand the nature of the charges or the consequences of his plea in either Count I or IV. Supreme Court Rule 402 requires only a *substantial* compliance with the Rule and a requirement that the defendant understand with what he is being charged. Under this record, the suggestion that the defendant did not understand the nature of the charges defies common sense and reality.

■■ Secondly, the defendant states that the conviction for failure to yield to a pedestrian at a crosswalk should be reversed for the reason that both convictions arose out of the same transaction and were not

independently motivated. The trial court did find the defendant guilty, but imposed no sentence on the second charge. While the fact that a single sentence was imposed is not controlling (*People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1), except where a single act of the defendant constituted both crimes, we do not believe that it can be said that the crime of driving while intoxicated and the failure to yield to a pedestrian in a crosswalk constitute a single act of the defendant for the simple reason that the drunken driving was of necessity a continuing violation, while failing to yield the right of way is limited to a precise point of time. It thus cannot be said that the one act constituted both offenses or that they were not separately motivated. In *People v. Harvey*, 5 Ill.App.3d 499, 295 N.E.2d the court held that the single common factor among the charges of driving while license revoked, leaving the scene of an accident, and failure to report an accident within 48 hours was that they just all related to the defendant's having operated a motor vehicle. This decision was cited with approval by this court in *People v. Gee*, 18 Ill. App.3d 1058, 310 N.E.2d 662, and a similar result was obtained by this court in *People v. Burch*, 19 Ill.App.3d 360, 311 N.E.2d 410, where we held that speeding and reckless driving were two separate and distinct offenses. We adhere to these views here.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.