THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. VINCENT M. MADSEN, Defendant-Appellee.

Second District   No. 2—89—0735

Opinion filed April 11, 1990.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Donald J. Ramsell, of Ramsell & Associates, of Schaumburg, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Vincent Madsen, was charged by uniform traffic citation with the offenses of failure to signal as required (Ill. Rev. Stat. 1987, ch. 95½, par. 11—804(b)) and driving while license revoked (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a)) in Du Page County, Illinois. On defendant's motion, the trial court dismissed the charges for failure to comply with the speedy-trial provision contained in the local court rules. The State appeals, contending that the trial court erred due to defendant's failure to make a specific demand for a speedy trial. We reverse and remand.

Defendant first appeared in court on June 21, 1988, and requested to have counsel appointed for him. The trial court denied this request.

Defendant next appeared in court on July 19, 1988, stated that he was unemployed and again requested that counsel be appointed. The case was continued until August 2, 1988. On August 2, 1988, the case was transferred to the field court in Addison and continued until September 20, 1988. It was subsequently given a new date of November 22, 1988.

On November 22, 1988, counsel for defendant filed an appearance and requested a jury trial. The case was transferred again and continued to December 14, 1988. On December 14, 1988, the case was continued to February 28, 1989.

On February 9, 1989, the State filed a motion for continuance, supported by affidavit, requesting a trial date sometime after March 7, 1989, because of the unavailability of a witness. On May 4, 1989, defendant filed a motion requesting that the case be continued until a date following May 20, 1989.

On May 25, 1989, defense counsel filed a motion to withdraw as attorney for defendant. The court conducted a hearing on defense

counsel's motion on June 13, 1989. The trial court denied the motion. Counsel then orally moved to dismiss the charges against defendant, stating that more than 160 days had passed since defendant made a demand for a jury trial and that "a demand for jury trial is ipso facto speedy trial demand." The court indicated it would hear argument on defendant's motion at the afternoon session of court.

In the afternoon court session, defense counsel argued that 169 days had passed between the time he made his demand for jury trial on November 22, 1988, and his request for a continuance on May 10, 1989. He argued that with respect to uniform traffic tickets, a jury demand is a speedy-trial demand.

The State argued that because defendant had requested a continuance after the speedy-trial period had allegedly run, defendant had waived any demand for a speedy trial. The State requested time to prepare a response, and the court again continued the case.

On June 16, 1989, the State filed a written response to defendant's motion to dismiss. The State argued, *inter alia*, that "[i]n this county [Supreme Court] Rule 505 only applies to citations issued by the Illinois State Police," and that pursuant to the local court rules, defendant did not comply by serving a written demand for speedy trial upon the State's Attorney.

On June 22, 1989, the court heard argument on defendant's motion to dismiss. The State insisted that defendant never made a demand for speedy trial and that a jury demand could not be so interpreted. Defendant noted that the local court rule that the State cited made an exception to the requirement of a written demand for a speedy trial in the situation in which the State has actual notice of the demand. The trial court, finding that the State had actual notice of defendant's demand for jury trial, granted defendant's motion to dismiss. This appeal followed.

██ Initially, we note that defendant has not filed an appellee's brief in this case. Nevertheless, the record is simple and the claimed errors are such that this court can easily decide them without the aid of an appellee's brief. Therefore, we choose to address the merits of this appeal pursuant to the guidelines in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

██ We must first determine if Supreme Court Rule 505 (113 Ill. 2d R. 505) applies in this case. Supreme Court Rule 505 provides in relevant part:

> "If the accused demands a trial by jury, the trial shall be scheduled within 120 days of arrest. *** *Any State agency or any unit of local government desiring to be exempt from the re-*

*quirements of this Rule 505 may apply to the Conference of Chief Circuit Judges for an exemption."* (Emphasis added.) (113 Ill. 2d R. 505.)

The State has claimed an exemption in this case. We take judicial notice of the fact that there was such an exemption in effect in Du Page County at the time of the alleged traffic offenses in this case. See *People v. Monaco* (1986), 150 Ill. App. 3d 278, 281.

We next turn to the only issue before us: that is, did defendant's request for a jury trial constitute a demand for a speedy trial? The Circuit Court of the Eighteenth Judicial Circuit had a rule in effect that concerned defendant's demand for speedy trial. The rule provided, in pertinent part:

"30.06 DEFENDANT'S DEMAND FOR SPEEDY TRIAL

(a) All demands for trial, pursuant to the Code of Criminal Procedure [Ill. Rev. Stat., Ch. 38 par. 103—5(b)], shall be made in the following manner:

(i) In writing with proper caption and case number signed and dated by the defendant or his attorney and,

(ii) A copy of said demand shall be served on the State's Attorney in any manner permitted by Supreme Court Rule No. 11 and 12 and,(iii) A copy of said demand shall be filed with the Clerk of this Court with proof of service on the State's Attorney.

(b) The requirements of this rule are mandatory and a demand for trial that does not comply with the foregoing shall not be recognized unless the Court finds that the State had actual notice of defendant's trial demand and that the interests of justice require recognition of such demand." (18th Jud. Cir. R. 30.06 (1987).)

Section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)) provides, in pertinent part:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***." (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).)

Defendant did not make a written or oral demand for a speedy trial. However, defendant did demand a jury trial at his hearing on November 22, 1988.

The effect of defendant's jury demand was also governed by a local rule. Rule 35.02(c) provided:

"A jury demand shall not operate as a demand for speedy trial, for purposes of Section 103—5 of the Code of Criminal

Procedure [Ill. Rev. Stat., Ch. 38, par. 103—5]; any demand for a speedy trial must be made specifically, in accordance with Rule 30.06." (18th Jud. Cir. R. 35.02(c) (1987).)

Thus, under the local rules, a jury demand could not operate as a demand for speedy trial unless Rule 30.06 was complied with. The trial court found that Rule 30.06(b) applied in this case, stating, "I think that you [the State] were on actual notice that a demand for jury trial was made." After hearing argument, the trial court found that the State had actual knowledge of the demand and stated, "I'm going to hang my hat on this B section." The case was then dismissed for violation of the speedy-trial provision.

■ The circuit court rules involved in this case are explicit. The rules mandate that a jury demand will not operate as a speedy-trial demand and that any demand for a speedy trial be written with a copy served on the State's Attorney. Rule 30.06, however, does provide for an exception in paragraph (b) if "the Court finds that the State had actual notice of defendant's trial demand and that the interests of justice require recognition of such demand." Defendant did not make an oral or written demand for a speedy trial, and we can find nothing in the record to support the court's finding that the State had actual notice of any such demand. In addition, the trial court ignored the second requirement for the exception in section 30.06(b), which states "and the interests of justice require recognition of such demand." 18th Jud. Cir. R. 30.06(b) (1987).

We have already noted that Supreme Court Rule 505 (113 Ill. 2d R. 505) does not apply in this case because of the applicable exemption for Du Page County. As such, there is no basis in the record to convert defendant's jury demand into a speedy-trial demand.

Finding no basis in the record to determine that the State had actual notice of any speedy-trial demand and lacking the required finding of the "interests of justice," the order of the circuit court of Du Page County is reversed and the cause is remanded for trial.

Reversed and remanded.

McLAREN and GEIGER, JJ., concur.