NO. 4-05-0915     Filed 11/6/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ANTHONY GAY, | ) | No. 03CF172 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert M. Travers, |
| | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

In August 2005, a jury found defendant, Anthony Gay,
guilty of aggravated battery (720 ILCS 5/12-4(b)(6) (West 2004)).
In October 2005, the trial court imposed a six-year prison term
to run consecutive to other sentences imposed on defendant.
Defendant appeals, alleging his conviction must be reversed
because it was obtained in violation of his speedy-trial right.
We affirm.

I. BACKGROUND

Defendant, an inmate of the Department of Corrections
(DOC) who was originally imprisoned for robbery, accrued a series
of aggravated-battery charges consisting of throwing liquid or a
semisolid substance on correctional officers or possessing
weapons.

In this case, case No. 03-CF-172 (case No. 172),
defendant was indicted for aggravated battery on July 1, 2003,

for an incident that occurred on August 25, 2000.

On August 25, 2000, defendant occupied cell 114 at Pontiac Correctional Center. Defendant placed papers in the hatch of his cell door, preventing it from closing. Sergeant Carl Smicker told defendant three times to remove the papers. Defendant responded by throwing a clear liquid with a urine odor at Smicker, hitting Smicker in the face and left side.

At the time defendant was charged in this case on July 1, 2003, defendant had five other pending cases in Livingston County, case Nos. 03-CF-59 (case No. 59), 03-CF-60 (case No. 60), 03-CF-61 (case No. 61), 03-CF-62 (case No. 62), and 03-CF-146 (case No. 146). On the day defendant was charged in this case, he made a speedy-trial demand for each of the five pending cases. He did not include this case in that demand.

On October 31, 2003, at a pretrial hearing in this case, defendant stated he wanted to do one case per jury calendar. The trial court set case No. 60 for trial on November 12, 2003, and continued the other cases for pretrial on December 3, 2003. Defendant then made a motion to continue case No. 60 on grounds that he would not have enough time to review discovery and prepare for trial. Case No. 60 was, therefore, continued until the January term.

Defendant was convicted in case No. 60 on January 26, 2004, with sentencing scheduled for March 2, 2004. On January

26, 2004, defendant motioned to dismiss case Nos. 59, 61, and 62 for speedy-trial violations. The court noted that defendant demanded a speedy trial in case Nos. 59, 60, 61, 62, and 146 on July 1, 2003, and the State responded that defendant created or acquiesced in every delay from the beginning. Defendant continually insisted that the court only set one case per jury calendar and requested that case Nos. 59, 60, 61, 62, 146, and 172 be continued to January. The court continued defendant's motion to dismiss case Nos. 59, 61, and 62 for speedy-trial violations to March 2, 2004.

On March 2, 2004, the trial court found that defendant had been tried within 160 days from July 1, 2003, for case No. 60 and that the 160-day period for the other cases had not begun to run because defendant had not yet been sentenced on case 60. The court dismissed defendant's motion. Defendant stated he was ready for trial on case Nos. 59, 61, 62, and 172. Defendant stated he did not want to wait until the next calendar and was ready right then. The court set case Nos. 61 and 62 for April 12 and 13, 2004. The court did not set case Nos. 59 and 172 for the same term because the jury pool would be tainted by trying so many cases in one calendar.

On March 3, 2004, defendant made a pro se demand for a speedy trial, including as his pending cases, case No. 146, which had also been on his July 1, 2003, demand, and--for the first

time--case No. 172, and newly acquired case Nos. 03-CF-298 (case No. 298), 03-CF-299 (case No. 299), 03-CF-318 (case No. 318), 04-CF-13 (case No. 13), and 03-CF-269 (case No. 269). The cause was set for April 28, 2004. At that hearing, defendant's fitness was questioned and the court ordered an examination in this case, case No. 172, and 12 other pending cases. At this point, defendant had the following cases pending: (1) 3 cases pending sentencing, case Nos. 60, 61, and 62; (2) 10 cases where guilt-innocence remained unresolved, case Nos. 146, 172, 269, 298, 299, 318, 59, 13, and newly acquired case Nos. 04-CF-24 (case No. 24) and 04-CF-63 (case No. 63); and (3) 1 case with a postconviction petition pending, case No. 01-CF-75 (case No. 75).

On May 26, 2004, the trial court ordered a fitness examination to determine defendant's fitness.

On January 12, 2005, the trial court entered a case-management order due to the retirement of Judge Charles Frank, who had presided over 21 cases involving defendant. The order showed sentencing remained pending in case Nos. 60, 61, and 62, where fitness issues remained pending. The order further showed that 10 cases, including this case, were pending where guilt-innocence was at issue and where fitness issues remained pending.

On February 2, 2005, in 13 cases, including this one, defense counsel filed a motion for psychiatric examination, which was granted.

On March 16, 2005, defendant was found fit to proceed, and defendant discharged his attorney. Pretrial was set for June 8, 2005. On March 28, 2005, defendant filed a motion for substitution of judge. The motion was granted, but pretrial remained on June 8, 2005. On April 7, 2005, defendant filed another motion to substitute his judge. That motion, which was heard on July 7, 2005, was denied, and all pending matters were set for July 22.

On July 22, 2005, defendant was sentenced in case Nos. 60, 61, and 62. On August 3, 2005, the State announced ready for trial in this case, No. 172, and the cause was continued to August 9, 2005, for pending motions. On August 9, 2005, both parties announced ready for trial in case Nos. 59, 172, and 318. Trial was set for August 29, 2005, in case No. 59 and August 30, 2005, in case No. 172. Defendant's trial in this case occurred on August 30, 2005.

The jury found defendant guilty herein. After hearing evidence in aggravation and mitigation, the trial court extended defendant's imprisonment with the imposition of a consecutive six-year term of imprisonment. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues his conviction must be reversed because it was obtained in violation of his speedy-trial right. Defendant argues he filed his demand for speedy trial on

- 5 -

March 3, 2004. His trial occurred on August 30, 2005. Excluding the delays attributable to him, defendant argues 179 days elapsed, 19 days longer than allowed by the applicable statute.

The State responds that defendant has forfeited his right to discharge on speedy-trial grounds by failing to apply for discharge prior to his conviction and failing to raise the speedy-trial issue in his posttrial motion. On the merits, the State argues defendant was tried within 160 days from the date on which judgment was rendered relative to the first charges prosecuted in case Nos. 60, 61, and 62.

Defendant replies that he did not include case Nos. 60, 61, and 62 in his "Demand for Speedy Trial and/or Quash Warrant," on March 3, 2004, and only cases listed in the demand are to be considered in the calculation. This case, case No. 172, was the first case tried from the March 3 demand. Defendant admits that he made demand for speedy trial in case Nos. 59, 60, 61, 62, and 146 on July 1, 2003, and those cases were still pending when he filed his March 3, 2004, demand. Aside from case No. 146, though, he chose not to include those cases as pending cases when he made his demand for a speedy trial in case No. 172, so he maintains that those cases should not be counted in the calculation.

We first note that a speedy trial is a substantial, fundamental right (People v. Crane, 195 Ill. 2d 42, 46, 743

- 6 -

N.E.2d 555, 559 (2001)); thus, we will review defendant's claim under the plain-error doctrine despite defendant's failure to file a motion to dismiss the charges or file a posttrial motion. See People v. Allen, 222 Ill. 2d 340, 351, 856 N.E.2d 349, 355 (2006).

When a defendant is in the custody of DOC when he makes a speedy-trial demand, section 3-8-10 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-8-10 (West 2004)) applies. People v. Duckmanton, 137 Ill. App. 3d 465, 466-67, 484 N.E.2d 942, 943-44 (1985). That section requires that a person in DOC custody who demands a speedy trial must be tried within the time period set forth in section 103-5 of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) (725 ILCS 5/103-5(b) (West 2004)). Section 103-5(b) requires an inmate be tried within 160 days. 725 ILCS 5/103-5(b) (West 2004).

Section 103-5(e) of the Criminal Procedure Code also applies and states that "[i]f a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried *** upon at least one such charge before expiration relative to any of such pending charges" of the 160-day period. 725 ILCS 5/103-5(e) (West 2004). Section 103-5(e) tolls the speedy-trial period on subsequent charges until judgment is rendered on the first

charge. Judgment is rendered when the trial court sentences the defendant on the first charge. People v. Ike, 10 Ill. App. 3d 933, 934, 295 N.E.2d 250, 251 (1973). Section 103-5(e) preserves a defendant's right to a speedy trial while relieving the State of the burden of preparing more than one charge for trial against a single inmate. People v. Cavitt, 246 Ill. App. 3d 514, 520, 616 N.E.2d 666, 670 (1993).

Defendant argues that because he did not include case Nos. 60, 61, and 62 as pending against him in his March 3, 2004, demand for a speedy trial in case No. 172, they should not be used to calculate the time the State had to take case No. 172 to trial. Because case No. 172 was the first case to be tried out of the series of pending cases defendant included in his March 3 demand, the State had 160 days from the time of his demand to try case No. 172. When calculating the time after removing delays attributable to defendant, defendant argues 179 days passed and his case should be dismissed.

The State asserts, though, that it had 160 days from July 22, 2005, when the court conducted the sentencings for case Nos. 60, 61, and 62, as case Nos. 60, 61, and 62 were pending when defendant filed his demand for a speedy trial in case No. 172. Defendant originally demanded a speedy trial for case Nos. 60, 61, and 62 on July 1, 2003, and they should be considered to have tolled the 160 days in this case until judgment was entered

on one of those cases--even though defendant did not include them as pending cases when he made his demand for a speedy trial in this case.

We agree with the State.

In this case, on March 3, 2004, at the time of his demand for a speedy trial in case No. 172, defendant had 13 cases pending. Of the 13 cases, defendant had demanded a speedy trial on July 1, 2003, in five cases filed before this one, i.e., case Nos. 59, 60, 61, 62, and 146. Defendant was convicted in case No. 60 in January 2004, but he had not been sentenced at the time of his March 3, 2004, demand herein. In the March 3, 2004, demand, defendant demanded a speedy trial, again including case No. 146 and for the first time case No. 172, and cases filed after this one, case Nos. 269, 298, 299, 318, and 13. Defendant did not include case Nos. 24 and 63 even though those cases were also pending at that time. Case Nos. 61 and 62 from the first speedy-trial demand were tried on April 12 and 13, 2004, but no sentences were handed down at that time. All of the cases came to a halt on April 28, 2004, when defendant's fitness was questioned and the trial court ordered a fitness examination. Over a year later on March 16, 2005, defendant was deemed fit. In the next four months, defendant filed two substitution-of-judge motions with the second motion being denied. On July 22, 2005, the court sentenced defendant in case Nos. 60, 61, and 62. On

August 9, 2005, both parties announced ready for trial in case Nos. 59, 172, and 318. Case No. 59 was tried on August 29, 2005, and case No. 172 was tried on August 30, 2005.

The time period between the day defendant was sentenced in case Nos. 60, 61, and 62 on July 22, 2005, and the day defendant was tried in this case on August 30, 2005, is 38 days, well within the 160-day time period.

Defendant argues that People v. Milsap, 261 Ill. App. 3d 827, 635 N.E.2d 1043 (1994), supports his position that the cases omitted from the March 3, 2004, demand cannot be used in the calculation even though those cases were pending and he had requested a speedy trial in those cases in an earlier demand. We disagree. In Milsap, this court refused to find that the defendant demanded a speedy trial because the defendant's "demand" was filed in the middle of a sheaf of papers bearing a different case number, it was entitled "Demand for Final Disposition," and it bore the word "UNKNOWN" under the section for charges pending without giving any information regarding the nature of the charge or date of the incident. Milsap, 261 Ill. App. 3d at 831, 635 N.E.2d at 1046. This court stated that the defendant's request was not clear enough to put the State on notice that he was requesting a speedy trial for that particular case. Milsap, 261 Ill. App. 3d at 831, 635 N.E.2d at 1046.

In Milsap, the defendant did not include enough infor-

- 10 -

mation in his "demand" to put the State on notice, so the "demand" was deemed insufficient. In this case, defendant argues his failure to include all pending cases in which he requested a speedy trial should require a dismissal on speedy-trial grounds. Defendant's "insufficient" petition, therefore, should be the reason his speedy-trial argument should succeed. Unlike in Milsap, though, the State in this case knew which cases were pending, knew in which cases defendant had made a demand for a speedy trial, and tried the cases in the order that defendant had requested the speedy trials. We do not agree that defendant's failure to include all the requirements of section 3-8-10 of the Unified Code should require a finding that the State failed to timely try defendant.

Under defendant's theory, a defendant could circumvent section 103-5(e) by making multiple speedy-trial demands and not including all pending charges in each demand. By doing this, a defendant could require the State to simultaneously try him on various charges. For example, if defendant is charged in case A, B, C, and D and files a demand for a speedy trial, including only cases A and B on January 1 at 9 a.m., and then files a demand for a speedy trial including cases C and D on January 1 at 11 a.m., the State would have to have either case A or B prepared in 160 days from January 1 and have either case C or D prepared at the same time.

The statute clearly states that the defendant "<u>shall include</u> in the demand under subsection (b) [of section 103-5 of the Criminal Procedure Code] *** the charges pending against him or her to be tried." (Emphasis added.) 730 ILCS 5/3-8-10 (West 2004). Nowhere in the plain language of the statute does it state that a defendant may omit some of his pending charges or pick and choose which pending charges to include so that the defendant could effectively require the State to try more than one case simultaneously. Defendant failed to include the charges pending against him and cannot use that omission to support an alleged violation of his statutory right to a speedy trial.

Based on defendant's argument that we cannot read into his demand the pending cases he did not include, we could also conclude that the demand was simply insufficient because defendant did not include all of the charges pending at the time and the statute says to include pending charges. The Illinois Supreme Court has recognized that "a defendant who claims a violation of a speedy-trial right cannot prevail if the demand for trial fails to comply with the terms of the governing speedy-trial provision." <u>People v. Staten</u>, 159 Ill. 2d 419, 429, 639 N.E.2d 550, 556 (1994). The governing speedy-trial provision stated that a demand shall include the pending charges, and defendant's demand did not include all pending charges. Using defendant's logic, we could conclude that defendant's March 3,

- 12 -

2004, demand was insufficient for failure to include the pending charges and the 160-day period never began to run.

We do not need, though, to find defendant's demand insufficient. Even if the demand was sufficient, defendant's statutory rights were not violated. Defendant requested a speedy trial in case Nos. 60, 61, and 62 first, those cases where pending when defendant made a speedy-trial demand in this case, and the State knew they were pending. Judgment was rendered in case Nos. 60, 61, and 62 on July 22, 2005. The 160-day time period for trying the subsequent cases in both the July 1, 2003, and March 3, 2004, demands, therefore, did not begin to run until July 22, 2005. Because defendant's trial on August 30, 2005, was 38 days after the July 22, 2005, judgment was rendered, defendant's trial for case No. 172 was well within the 160-day time period.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

STEIGMANN, P.J., and MYERSCOUGH, J., concur.