Nos. 2--06--0996 & 2--06--1053 cons.        Filed:  4-1-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 04--CF--3607 |
| JOSE J. SANDOVAL, | ) ) | Honorable George J. Bakalis, |
| Defendant-Appellee. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 03--DT--2937 |
| JOSE J. SANDOVAL, | ) ) | Honorable George J. Bakalis, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The State appeals orders in which all of the charges pending in two cases against the defendant, Jose J. Sandoval, were dismissed for the failure to bring him to trial within 160 days under the speedy trial statute, section 103--5(b) of the Code of Criminal Procedure of 1963  (725 ILCS 5/103--5(b) (West 2004)).  Sandoval filed a single speedy trial demand, identifying the charges to which the demand was meant to apply as "Du Page DUI," but not providing the docket numbers of

2--06--0996 & 2--06--1053 cons.

the cases involving those charges. We determine that Sandoval's speedy trial demand was sufficient under section 3--8--10 of the Unified Code of Corrections (the Code) (730 ILCS 5/3--8--10 (West 2004)) to invoke his statutory and constitutional rights to a speedy trial. However, it was effective only as to the charges named in his demand, namely, the DUI charges. Therefore, the trial court erred in dismissing the other charges against him.

## I. BACKGROUND

On June 14, 2003, in case No. 03--DT--2937, in Du Page County, Sandoval was charged by separate citations with (1) driving under the influence (DUI) (625 ILCS 5/11--501(a)(2) (West 2002)); (2) improper lane usage (625 ILCS 5/11--709 (West 2002)); (3) driving while his license was revoked (625 ILCS 5/6--303 (West 2002)); and (4) DUI (625 ILCS 5/11--501(a)(1) (West 2002)). Sandoval posted bond and was to appear in court on July 11, 2003. He failed to appear, and bench warrants were issued for his arrest.

On December 27, 2004, in case No. 04--CF--3607, also in Du Page County, Sandoval was charged by complaint with (1) aggravated DUI (625 ILCS 5/11--501(d)(1)(A) (West 2004)); (2) obstructing justice (720 ILCS 5/31--4(a) (West 2004)); (3) improper lane usage (625 ILCS 5/11--709 (West 2004)); (4) failure to signal (625 ILCS 5/11--804 (West 2004)); and (5) driving while his license was revoked (625 ILCS 5/6--303(a) (West 2004)). The first two counts arose on March 25, 2004, while the remaining counts arose on December 16, 2004. On February 3, 2005, he was indicted on the charge of obstructing justice and on two counts of Class 4 felony DUI (625 ILCS 5/11--501(a)(2), (c--1)(1) (West 2004)). The separate indictments superseded counts I and II of the complaint.

2--06--0996 & 2--06--1053 cons.

In December 2004, Sandoval was incarcerated in a Department of Corrections (Department) facility on other charges. On October 3, 2005, he mailed copies of a pro se speedy trial demand to the State's Attorney in Du Page County and to the Du Page County clerk, using a form provided by the Department. The form, which was titled "Demand for Speedy Trial and/or Quash Warrant," invoked both section 103--5(b) of the speedy trial statute (725 ILCS 5/103--5(b) (West 2004)) and section 3--8--10 of the Code. It included spaces in which the defendant was to supply certain information, including the charges pending against the defendant. At the bottom, the form demanded trial within 160 days "on the above stated charges."

In the demand, Sandoval wrote that he was presently incarcerated and serving a 2½-year sentence for a June 15, 2005, conviction of DUI. On the line for listing the charges pending against him, he wrote "Du Page DUI." Sandoval did not provide case numbers for the charges he identified. The demand form contained in the record has "04CF3607" written on the top corner, in different handwriting. Sandoval alleges that it was added by the Du Page County clerk after that office received the demand. The State does not dispute that contention. There is no evidence that the copy mailed to the State had the number written on it.

On August 9, 2006, counsel appeared for Sandoval in case No. 04--CF--3607 and moved to dismiss the charges because Sandoval was not brought to trial within the time required by the speedy trial statute. The State admitted that it likely received the mailed speedy trial demand, but it argued that the lack of case numbers on the demand prevented the State from knowing which cases the demand pertained to. The State submitted documents showing that multiple cases were returned on a record search for "Jose Sandoval" and that a search for "Jose J. Sandoval" produced cases beyond

the two at issue in this appeal. The State further argued that Sandoval violated a local court rule requiring that case numbers be included in speedy trial demands.

The trial court found that the local court rule requiring the inclusion of case numbers placed a burden on the defendant beyond those contained in the speedy trial statute and section 3--8--10 of the Code. The court further found that the State had actual notice of the demand and that the interests of justice required recognition of the demand. The court reasoned that a defendant might not have the information needed to include case numbers and that the State's Attorney could easily search for pending cases. The court then stated: "If such a search reveals more than one pending case, the defendant should be immediately writted in to determine whether he is demanding trial on those cases and if he is, which case the State elects to proceed on." Determining that the speedy trial term had run, the trial court dismissed the charges. On September 15, 2006, the court denied the State's motion to reconsider.

On September 29, 2006, a hearing was held on a similar motion to dismiss the charges in case No. 03--DT--2937, the other case pending against Sandoval. The trial court did not make findings about actual notice, but it determined that Sandoval's demand for speedy trial was sufficient as to that case as well and dismissed the charges. The State separately appealed in both cases, and we consolidated the appeals for disposition.

## II. ANALYSIS

The State contends that Sandoval did not properly demand a speedy trial and that it lacked actual notice of the charges that Sandoval intended to be covered by the demand. It also argues that Sandoval failed to comply with a local court rule requiring that speedy trial demands under section 103--5(b) contain the case numbers of the charges subject to the demand. Sandoval argues that his

2--06--0996 & 2--06--1053 cons.

demand complied with section 3--8--10 and that the State easily could have determined the specific cases subject to the demand. He also argues that the local court rule places an impermissible additional burden on defendants.

A. Compliance with Section 3--8--10

Section 103--5(b) of the speedy trial statute provides that "[e]very person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant." 725 ILCS 5/103--5(b) (West 2004). Although the parties discuss only section 103--5(b), section 3--8--10 of the Code applies to defendants committed to a Department facility who have charges pending in any county. People v. Staten, 159 Ill. 2d 419, 423 (1994). That section invokes section 103--5(b) but provides further specific requirements for the speedy trial demand. In particular, section 3--8--10 provides:

> "[The person demanding speedy trial] shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the state's attorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he or she is committed." 730 ILCS 5/3--8--10 (West 2004).

An Eighteenth Judicial Circuit Court rule requires that a demand for speedy trial under section 103--5(b) shall be in writing, with a proper caption and case number, and signed and dated by the defendant or the defendant's attorney. The rule provides that the requirements are mandatory and that "a demand for trial that does not comply *** shall not be recognized unless the Court finds that

-5-

2--06--0996 & 2--06--1053 cons.

the State had actual notice of defendant's trial demand and that the interests of justice require recognition of [it]."  18th Jud. Cir. Ct. R. 30.06(b) (eff. July 15, 2003).

It is undisputed that Sandoval's pro se demand for speedy trial complied with the letter of section 3--8--10: it included the place and term of Sandoval's imprisonment and a description of the charges pending against him, and it was properly served on the required persons or offices.  However, the State argues that the words "Du Page DUI," standing alone, were insufficient to constitute the statutorily required "statement of *** the charges pending against" Sandoval, because they were not accompanied by case numbers.

"The right to a speedy trial is guaranteed by the Federal and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8)."  Staten, 159 Ill. 2d at 426.  In addition, criminal defendants in Illinois have a statutory right to a speedy trial.  725 ILCS 5/103--5 et seq. (West 2004).  The speedy trial statute enforces the constitutional right to a speedy trial and thus its protections are to be liberally construed in favor of the defendant.  People v. Buford, 374 Ill. App. 3d 369, 372 (2007).  "[T]he statutory right to a speedy trial is not the precise equivalent of the constitutional right."  Staten, 159 Ill. 2d at 426.  "Proof of a violation of the statutory right requires only that the defendant has not been tried within the period set by the statute and that the defendant has not caused or contributed to the delays."  Staten, 159 Ill. 2d at 426.

The speedy trial provisions impose a burden on the defendant to file a demand sufficient to put the State's Attorney on notice that the defendant is invoking his or her right to a speedy trial. People v. Milsap, 261 Ill. App. 3d 827, 831 (1994).  For a person committed to a Department facility, a demand pursuant to section 3--8--10 is a precondition to the running of the 160-day period.  See Staten, 159 Ill. 2d at 428-29.  The demand under section 3--8--10 must be clear and unequivocal.

2--06--0996 & 2--06--1053 cons.

<u>Staten</u>, 159 Ill. 2d at 429, citing <u>People v. Howell</u>, 119 Ill. App. 3d 1, 9 (1983).  However, "[t]he speedy trial statute 'must be liberally construed and its salutary provisions cannot be frittered away by technical evasions.' "  <u>People v. Stanitz</u>, 367 Ill. App. 3d 980, 984 (2006), quoting <u>People v. Fosdick</u>, 36 Ill. 2d 524, 528 (1967).  A trial court's determination of whether a defendant's demand was sufficient to invoke the speedy trial statute will be upheld on appeal absent an abuse of discretion. <u>Buford</u>, 374 Ill. App. 3d at 372.

The State cites a number of cases in which courts have found a defendant's speedy trial demand to be insufficient.  Without exception, however, they are distinguishable from the case before us.  For instance, a speedy trial demand was held ineffective where it did not comply with section 3--8--10 because it did not contain any identification at all of the charges pending against the defendant.  See <u>Milsap</u>, 261 Ill. App. 3d at 829 (in the space provided for pending charges, the defendant stated simply "UNKNOWN").  In <u>Milsap</u>, the demand further failed to comply with the statutory requirements in that it did not show any proof of service on the chief administrative officer of the Department facility where the defendant was located.  <u>Milsap</u>, 261 Ill. App. 3d at 829.  In <u>Staten</u>, the supreme court rejected a defendant's efforts to recharacterize a jury demand as a speedy trial demand where the jury demand "neither cited to section 3--8--10 nor contained the requisite information as the details of his incarceration, time served and time remaining on his sentence, and the pending charge."  <u>Staten</u>, 159 Ill. 2d at 426.  These cases simply stand for the proposition that, to constitute an effective speedy trial demand, the demand must contain the information listed in the statute.

Several courts have also found that a demand for speedy trial is ineffective where it makes no mention of speedy trial rights and appears to be some other court form entirely, such as a jury demand

that simply requests trial by jury (Staten, 159 Ill. 2d at 422; People v. Madsen, 196 Ill. App. 3d 220, 224 (1990)), or an appearance form that includes a bare request for "an 'immediate' trial" (People v. Erickson, 266 Ill. App. 3d 273, 277 (1994)). These attempts to make some other court form do double duty as a speedy trial demand are condemned on the ground that they "smack of efforts to hide or bury their intent to invoke the speedy trial provisions of the Code." People v. Dockery, 313 Ill. App. 3d 684, 687 (2000) (collecting cases). "[T]he demand for speedy trial is extremely significant because it is the sole means by which a defendant may preclude the State from prosecuting him, irrespective of how reprehensible the crime may be, or how overwhelming the evidence of guilt," and thus the legislature is entitled to impose statutory requirements on the manner in which a defendant demands a speedy trial. Staten, 159 Ill. 2d at 422.

However, the law is equally clear that, where a defendant has properly complied with the statutory requirements of the speedy-trial provisions and there does not appear to be any effort to "hide" the speedy-trial demand, the demand must be deemed effective. In People v. Huff, 195 Ill. 2d 87 (2001), the supreme court held that a document was effective as a speedy trial demand when it referred to speedy trial rights on its face, although it did not include a cite to the speedy trial statute. Huff, 195 Ill. 2d at 94. The document at issue included in the title the words "Demand for Speedy Trial," and within the text it demanded a jury trial within either 120 days from the time the defendant was taken into custody or 160 days from the date of the demand. In holding that the demand was sufficient, the supreme court rejected requirements for speedy trial demands, beyond those contained in the statute, that had been imposed in People v. Ground, 257 Ill. App. 3d 956, 959 (1994). In Ground, a case examining the requirements for a speedy trial demand under section 103--5(b), the appellate court held that no speedy trial demand was valid unless it (1) set forth the demand for

-8-

speedy trial in the title or heading of the document intended to serve as a demand; (2) expressly stated that the defendant demanded "a speedy trial"; and (3) cited in the body of the document the statute under which the demand was made. Ground, 257 Ill. App. 3d at 959-60. The supreme court held that Ground had improperly expanded the requirements of the speedy trial statute:

"We do not agree with the conclusion in Ground that a demand for a speedy trial is valid only if it satisfies the requirements set forth in Ground. The court in that case imposed a remedy that went far beyond the problem before it." Huff, 195 Ill. 2d at 93.

The supreme court then upheld the validity of the defendant's speedy trial demand, despite the fact that it did not cite the speedy trial statute in its text. In reaching this holding, the supreme court distinguished section 103--5(b), which "does not require that a demand for a speedy trial be in any particular form," from section 3--8--10 of the Code, which does contain requirements for the form of the speedy trial demand. Huff, 195 Ill. 2d at 93. Nevertheless, we believe that, where the specific requirements of section 3--8--10 are met, Huff condemns just as surely any effort to impose additional requirements on the exercise of speedy trial rights under that statute. As we have held, no particular "magic words" are required to constitute a speedy trial demand so long as the statutory requirements are met. People v. Peco, 345 Ill. App. 3d 724, 734 (2004). We also note that here, as in Huff, the record does not suggest that Sandoval was attempting to hide the demand for speedy trial: the form was clearly labeled "Demand for Speedy Trial" and was properly served on all of the required persons.

The State argues that section 3--8--10 should be read to include a requirement that defendants include the case numbers of the charges on which they are seeking speedy trial, in order to ensure that the State receives effective notice of the speedy trial demand. In essence, the State is arguing that,

even when a defendant complies with the literal requirements of section 3--8--10 by identifying the pending charges on which he seeks speedy trial, the demand cannot be effective unless the defendant also includes the case number of those charges to facilitate the State's filing of the demand in the proper case file. It is a fundamental principle of statutory construction, however, that in interpreting a statute a court must give effect to a legislature's intent, and that the best indication of legislative intent is the language of the statute, given its plain and ordinary meaning. Buford, 374 Ill. App. 3d at 373, citing People v. Cordell, 223 Ill. 2d 380, 389 (2006). Here, the plain language of section 3--8--10 requires only "a statement of *** the charges pending against" the defendant: not the case numbers associated with those charges, nor the statutory cites for the offenses charged, nor any other information, but simply "a statement" of the charges. 730 ILCS 5/3--8--10 (West 2004). Had the legislature wished to require that such additional information be provided, it could have done so. The State has provided us with no authority, and indeed there is none, for reading such additional requirements into the statute.

The dissent is unhappy with this result and suggests that we have strayed from Staten's statement that a speedy trial demand must be "clear and unequivocal." However, it is the legislature that has defined what constitutes a sufficiently clear and unequivocal speedy trial demand when the defendant is in custody on other charges, and, as we have noted, the legislature has required only a "statement" of the charges pending against the defendant. Staten is not to the contrary; the issue in that case was whether those same statutorily defined standards set forth the requirements that defendants filing speedy trial demands must meet, and the court held that they did. That holding is not at odds with our decision here. Moreover, Staten involved a purported "speedy trial demand" contained in an entirely different document. By contrast, the speedy trial demand filed by Sandoval

-10-

was plainly labeled as such and was properly served on the required parties, thereby "clearly and unequivocally" notifying the State that Sandoval was seeking a speedy trial on his DUI charges.

As we have noted, the protections of the speedy trial statute are to be liberally construed in favor of defendants (Buford, 374 Ill. App. 3d at 372) and must not be diminished through an unduly onerous reading of the statutory requirements (see Stanitz, 367 Ill. App. 3d at 984). These concerns are particularly relevant where, as here, a defendant is acting pro se and lacks the resources available to an attorney. Courts have stated, albeit in the different context of postconviction proceedings, that a pro se defendant need present only a limited amount of detail in establishing the gist of his constitutional claim, so as to provide such a defendant a meaningful opportunity to be heard. People v. Pineda, 373 Ill. App. 3d 113, 116 (2007). Applying these principles to the pro se speedy trial demand filed in the cases before us, we hold that Sandoval adequately described the pending charges when he identified them as "Du Page DUI." While it is possible to imagine "statements" by defendants that would not adequately identify the charges pending against them, in this case, the use of "DUI" is a clear reference to the offense of driving while under the influence, which is a violation of one specific statute (625 ILCS 5/11--501 (West 2004)). The demand thus provided the information necessary to enable the State to locate the particular cases in which the demand was asserted. We recognize that there are a number of subsections of the DUI statute under which a defendant may be charged; indeed, Sandoval was charged with violating three different subsections of the statute. Nevertheless, by identifying the name of the offense and the county where the charges were pending, Sandoval provided the State with adequate notice of the charges on which he was asserting his speedy trial right. To the extent that Sandoval's multiple DUI charges left the State wondering which charges were subject to the demand, it was free to inquire further of Sandoval.

2--06--0996 & 2--06--1053 cons.

However, we cannot stretch the plain language of section 3--8--10 to require that Sandoval provide this information in his demand where that result is not supported by the statute itself.

### B. The Local Rule

Before the trial court, the State argued that Sandoval's speedy trial demand was defective because it did not comply with a local rule of the circuit court that required such demands to include the case number of any charge on which speedy trial was sought. Sandoval argued that, where the statute did not require this information, the local rule was invalid because it conflicted with the statute and impermissibly imposed an additional burden on him. The trial court agreed with Sandoval and found the local rule invalid insofar as it required additional information in the demand. On appeal, the State argues that this finding was in error. Court rules are interpreted under the same principles that guide our construction of statutes (134 Ill. 2d R. 2), and our review is de novo (People v. Atou, 372 Ill. App. 3d 78, 82 (2007)).

Supreme Court Rule 21(a) provides that circuit courts may "adopt rules governing civil and criminal cases," so long as those rules do not conflict with the supreme court rules or Illinois statutes. 134 Ill. 2d R. 21(a). Local rules " 'may not abrogate, limit or modify existing law.' " Atou, 372 Ill. App. 3d at 82, quoting People v. Sims, 165 Ill. App. 3d 204, 207 (1988). Moreover, local rules must not change substantive law or impose additional burdens on litigants, as compared to the requirements of corresponding statutes or supreme court rules. Vision Point of Sale, Inc. v. Haas, 226 Ill. 2d 334, 357 (2007); People ex rel. Brazen v. Finley, 119 Ill. 2d 485, 491 (1988); Atou, 372 Ill. App. 3d at 82.

The local rule at issue here, which requires that speedy trial demands include case numbers in order to be deemed effective, clearly conflicts with section 3--8--10, which has no such

requirement. The local rule also impermissibly imposes additional burdens on litigants, in that it provides that a speedy trial demand that does not comply with the local rule "shall not be recognized," regardless of whether the demand would be valid under the applicable statutes. See Vision Point, 226 Ill. 2d at 358 (to the extent that a local rule required that responses to requests to admit be filed with the clerk and required the striking of noncomplying responses, while the supreme court rule did not require filing but only timely service on the other party, the local rule conflicted with the supreme court rule and impermissibly imposed additional substantive burdens on litigants); Atou, 372 Ill. App. 3d at 83 (local rule requiring that speedy trial demands be served on the State's Attorney in open court and striking demands that were not so served improperly placed an additional burden on defendants seeking to file such demands, where the speedy trial statute did not require such service). In these circumstances, the local rule improperly modifies existing law. Sandoval's speedy trial demand is not invalid for failure to comply with the local rule.

### C. Non-DUI Charges

The State's final argument on appeal is that, even if the DUI charges against Sandoval were properly dismissed as a result of his speedy trial demand, the other charges against him (improper lane usage, driving while license revoked, failure to signal, and obstruction of justice) were not listed in the demand and should not have been dismissed. Sandoval argues that "the underlying charges that accompanied those charges also were deemed to be included in the demand." Neither party cited to any authority regarding this argument, and thus it is subject to waiver. 210 Ill. 2d R. 341(h)(7); Mikolajczyk v. Ford Motor Co., 374 Ill. App. 3d 646, 677 (2007). In the interests of justice, however, we examine the applicable law.

2--06--0996 & 2--06--1053 cons.

When a defendant has been indicted on multiple charges, those charges may be subject to compulsory joinder under certain circumstances. The law of compulsory joinder is intertwined with speedy trial considerations because charges that are required to be joined under compulsory joinder rules also must be tried within the same period of time when a speedy trial demand is filed on any one of the charges. People v. Quigley, 183 Ill. 2d 1, 15-16 (1998). Charges are subject to compulsory joinder if they are based on the same act, are within the jurisdiction of a single court, and arise from facts that were known to the State at the time the first offense was charged. 720 ILCS 5/3--3(b) (West 2004). However, traffic offenses that are charged by the use of a uniform citation or complaint form completed by a police officer rather than a prosecutor are not subject to compulsory joinder with charges brought under an indictment, and their viability under speedy trial rules must be determined individually. See People v. Jackson, 118 Ill. 2d 179, 192-93 (1987); People v. Kizer, 365 Ill. App. 3d 949, 955 (2006). If multiple charges are not subject to compulsory joinder, a demand for speedy trial on one charge does not require that the other charges be tried at the same time. Rather, the remaining charges must be brought to trial within 160 days of the date on which judgment on the first charge was rendered. 725 ILCS 5/103--5(e) (West 2006); People v. Gay, 376 Ill. App. 3d 796, 811 (2007).

In one of the cases before us, case No. 03--DT--2937, all of the charges were initiated by a police officer via separate traffic citations. Therefore, the non-DUI charges in that case are not subject to compulsory joinder with the DUI charges, and the speedy trial demand filed in connection with the DUI charges does not apply to the non-DUI charges. See Jackson, 118 Ill. 2d at 193; Kizer, 365 Ill. App. 3d at 955.

2--06--0996 & 2--06--1053 cons.

In case No. 04--CF--3607, all of the charges were initially brought in a complaint that, although completed by a police officer, was approved by the State's Attorney. Thus, they are not governed by Jackson. In addition, a superseding indictment was later filed with respect to the first two counts. However, the non-DUI charges (obstructing justice, improper lane usage, failure to signal, and driving while license revoked) are not based on the same act as the DUI charges and thus are not subject to compulsory joinder with the DUI charges. 720 ILCS 5/3--3 (West 2004); Quigley, 183 Ill. 2d at 9, citing People v. Navis, 24 Ill. App. 3d 842, 846 (1974) (act of driving while intoxicated was independent of and had no relationship to the simultaneous act of driving while license revoked); see also People v. Washington, 21 Ill. App. 3d 1077, 1079 (1974) (charges of driving while intoxicated and failure to yield to a pedestrian at a crosswalk were based on two separate acts). Accordingly, the demand for speedy trial on the DUI charges was not applicable to the non-DUI charges.

As noted above, when a defendant faces multiple charges and requests speedy trial only as to some, the trial of the remaining charges must begin within 160 days of the resolution of the first charges. 725 ILCS 5/103--5(e) (West 2006). The record does not reflect that this time has run as to the non-DUI charges in either case. Accordingly, the dismissal of those charges must be vacated and the cases remanded for further proceedings.

III. CONCLUSION

Sandoval's speedy trial demand sufficiently complied with section 3--8--10 of the Code and is not invalid on the ground that it did not comply with the local rule, and thus the demand must be deemed effective as to the DUI charges pending against him in Du Page County. We therefore affirm the dismissal of the following charges on speedy trial grounds: in case No. 03--DT--2937, the two

2--06--0996 & 2--06--1053 cons.

counts of DUI; and in case No. 04--CF--3607, the counts of Class 4 felony DUI. The dismissal of the non-DUI charges pending against Sandoval--in case No. 03--DT--2937, improper lane usage and driving while license revoked, and, in case No. 04--CF--3607, the counts of obstruction of justice, improper lane usage, failure to signal, and driving while license revoked--was error. We therefore vacate the dismissal of those charges. The judgments of the circuit court of Du Page County are affirmed in part and vacated in part, and the causes are remanded for further proceedings on the non-DUI charges.

Affirmed in part and vacated in part; cause remanded.

ZENOFF, J., concurs.

JUSTICE McLAREN, dissenting:

The majority holds that a demand identifying an unspecified and single "Du Page DUI" was sufficient under section 3--8--10 to demand speedy trial for multiple DUI charges in multiple cases. By doing so, it ignores the requirements of section 3--8--10 and established principles from our supreme court that place the burden on the defendant to make a clear and unequivocal speedy trial demand. I would determine that, because Sandoval failed to comply with the requirements of section 3--8--10, the speedy trial period never began to run, and I would reverse the dismissal of the charges. Accordingly, I dissent.

The crux of the problem is that Sandoval had multiple DUI charges pending in two separate cases, along with additional charges in each case, yet he demanded a speedy trial for merely a single "Du Page DUI." As a result, the State could not determine the charges to which the demand was intended to apply without conducting an investigation. By requiring the State to do so, the majority

-16-

2--06--0996 & 2--06--1053 cons.

shifted the burden to the State to protect the defendant's speedy trial rights--a burden that the State does not have under section 3--8--10.

Section 3--8--10 applies the speedy trial protections of section 103--5(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103--5(b) (West 2004)) to defendants incarcerated in a Department of Corrections facility. It also provides additional requirements for speedy trial demands, including a statement of the charges pending against the defendant to be tried. 730 ILCS 5/3--8--10 (West 2004). In enacting section 3--8--10, the legislature acknowledged that a defendant committed to the Department retains a right to a speedy trial on untried charges, but it also recognized that the defendant's loss of liberty is not based solely upon untried charges and instead is based on a prior conviction. People v. Penrod, 316 Ill. App. 3d 713, 718 (2000). Thus, it is well settled that, when section 3--8--10 applies, the defendant bears the burden to file a demand that both complies with section 3--8--10 and is sufficient to put the State's Attorney on notice that the defendant is invoking his or her speedy trial right. See People v. Staten, 159 Ill. 2d 419, 428 (1994); Penrod, 316 Ill. App. 3d at 718; People v. Milsap, 261 Ill. App. 3d 827, 831 (1994). The demand must be clear and unequivocal. Staten, 159 Ill. 2d at 429, citing People v. Howell, 119 Ill. App. 3d 1, 9 (1983). If a proper demand is not made, the 160-day speedy trial period never begins to run. Staten, 159 Ill. 2d at 428-29.           .

In Staten, the supreme court rejected an argument that a defendant's section 3--8--10 speedy trial demand was sufficient when it was incorrectly filed under section 103--5(b) and omitted information about the time served, the time remaining on the sentence, and the pending charge. Staten, 159 Ill. 2d at 421-22. Relying in part on previous cases from this court, Staten established that, because the legislature chose to impose additional requirements on already incarcerated

-17-

defendants, section 3--8--10 places the burden on the defendant to make a demand that complies with the statute, and the State's knowledge of a defendant's incarceration does not excuse the defendant from complying. Staten, 159 Ill. 2d at 428, citing People v. Davis, 92 Ill. App. 3d 869 (1981), and People v. Wentlent, 109 Ill. App. 3d 291 (1982).

Thus, overruling the Fourth District's liberal construction of section 3--8--10 and its determination that strict compliance with section 3--8--10 was not required, the court in Staten stated:

"We do not view as 'technical' or 'meaningless' the conditions that the legislature has attached to the speedy trial right of section 3--8--10. Although the information required by that section may be for the administrative convenience of the State, the legislature placed the burden on defendants to affirmatively demand speedy trials pursuant to this section. When defendants are serving prison terms for existing convictions at the time they face trial on additional charges, they do not suffer a loss of liberty while awaiting trial on the pending charges. To exercise their statutory right to be tried within 160 days, they need only to comply with section 3--8--10." Staten, 159 Ill. 2d at 428.

Observing cases holding that a demand filed under section 103--5(b), when section 3--8--10 was applicable, precluded the 160-day period from beginning to run, the court also stated:

"The above authorities recognize that a defendant who claims a violation of a speedy-trial right cannot prevail if the demand for trial fails to comply with the terms of the governing speedy trial provision. To treat the informational requirements of section 3--8--10 as surplusage would be to infringe on the legislative prerogative to set reasonable conditions on an incarcerated defendant's right to receive a trial within 160 days of the demand. As

-18-

reflected by the statutes examined in the instant case, the legislature has seen fit to provide different time periods and demand requirements for offenders who are differently situated." Staten, 159 Ill. 2d at 429-30, citing People v. Willis, 235 Ill. App. 3d 1060 (1992), and People v. Jackson, 235 Ill. App. 3d 732 (1992).

The court then held that, because section 3--8--10 had not been satisfied, the 160-day period never began to run. Staten, 159 Ill. 2d at 430.

The majority does not discuss the defendant's burden to present a clear and unequivocal demand as required by Staten and instead attempts to merely distinguish cases on the facts. However, those cases, unlike the majority here, followed the supreme court's reasoning in Staten. For example, in Milsap, a demand was insufficient when it was filed among papers bearing a different case number and the defendant wrote "unknown" for the pending charges. Observing the absence of information about the charges, such as the nature of the charges or the date of the incident leading to them, the Fourth District determined that the demand was insufficient to place the State's Attorney on notice that the defendant was invoking his right to a speedy trial in a particular case. The court noted that, while it may sometimes be difficult for an incarcerated defendant to obtain the necessary information, the legislature intended section 3--8--10 to impose specific requirements for the demand. Milsap, 261 Ill. App. 3d at 832-33. Likewise, the Fourth District recently observed that a defendant "shall include" the charges pending under section 3--8--10 and that a failure to provide all charges pending could lead to the conclusion that a demand is insufficient. People v. Gay, 376 Ill. App. 3d 796, 802 (2007).

By ignoring where the burden lies, the majority does exactly what Staten disapproved--it treats the requirements of section 3--8--10 as surplusage. It further ignores the legislature's decision

2--06--0996 & 2--06--1053 cons.

to treat differently defendants incarcerated on other charges--defendants who, unlike those directly subject to section 103--5, do not lose their liberty while awaiting trial and whose statutory speedy trial rights exist only through the application of section 3--8--10.

Because section 3--8--10 applied, the burden was firmly on Sandoval to comply with the statutory requirements, including providing the charges pending. Although Sandoval did not leave the line for pending charges entirely blank, his demand was ambiguous about which of his many charges he meant it to apply to. Sandoval merely wrote "Du Page DUI" when he had multiple DUI charges and multiple other charges pending, in two separate cases. As a result, he did not provide notice to the State of which of his many charges, including which of his multiple DUI charges incurred on different dates, he was seeking to invoke, nor did he offer a simple means of locating the intended case or cases.

The record makes apparent the confusion resulting from Sandoval's failure to specify the charge or charges to which he sought the demand to apply. The single demand was applied to two separate cases, each with multiple charges, yet the clerk wrote only one case number on the demand. Two separate appeals were also filed involving the single demand, and the briefs in neither appeal referenced the other one. Further, a record search for Sandoval's name returned multiple cases.

The trial court placed the burden on the State to discover the charges that Sandoval intended to reference, stating that the case numbers could be difficult for a defendant to obtain and that the State could have determined the charges at issue with a record search. In the alternative, the trial court noted that the State could have writted in Sandoval to determine his intent. Likewise, the majority states that, "[t]o the extent that Sandoval's multiple DUI charges left the State wondering which charges were subject to the demand, it was free to inquire further of Sandoval." Slip op. at 11.

2--06--0996 & 2--06--1053 cons.

But this ignores that the burden was on Sandoval to begin with to provide a clear and unequivocal demand. The State had no burden to assert Sandoval's statutory speedy trial right or to undertake an investigation to fill in information that Sandoval had the burden to supply.

The flaw in the suggestion that Sandoval could be writted in to determine his intent is further illustrated by the determination that the speedy trial period began to run when the ambiguous demand was first filed. If it is necessary to writ in the defendant to determine the intent of the demand, the demand cannot be said to be clear and unequivocal as required by section 3--8--10. Thus, it would seem inappropriate to start the time running when the demand is first made. But the effect of the majority opinion is that the time will run even while the State is attempting to determine the applicable charges.

The majority also interprets the State's argument as one that would require specific case numbers in order to comply with section 3--8--10. But case numbers are not necessarily required. I would require only that the demand be sufficient to allow the State to prepare its prosecution without resorting to speculation or significant investigation. I suggest that the standard is analogous to the specificity to which the defendant is entitled in a charging instrument, for purposes of preparing a defense and protection against double jeopardy.

A defendant is entitled to a charging instrument that provides an identifiable offense. A lack of specificity about the charges can raise due process and double jeopardy concerns. People v. Alvarado, 301 Ill. App. 3d 1017 (1998). In the same respect, in order to properly prepare its prosecution, the State must be made aware of any speedy trial issues and when demands for trial take effect. When the defendant's description of the charges pending is insufficient to allow the State to

do so, it fails in its basic requirement of providing notice to the State and cannot start the speedy trial period running under section 3--8--10.

It is ironic that, had the court entered an order prohibiting further prosecutions on the information contained in the demand, there would be no way of determining which charge was subject to double jeopardy. Without the required specificity, the order could not pin down that either charge was specified and thus was subject to double jeopardy. The majority resolves the deficiency by disregarding the necessity of specificity, and it arbitrarily applies the principle of double jeopardy by indiscriminately applying it in the plural despite the singular demand.

Here, in lieu of case numbers, Sandoval could have provided a description that included items such as the dates of the charges, the locations of the alleged offenses, and the circumstances of the arrests, which would have allowed the State to know which of the charges he intended the demand to apply to, without resort to speculation or calling him into court to clarify his intent. But he did not do so. Instead, he demanded a speedy trial for only a single DUI charge, with no indication of the DUI charge to which he meant the demand to apply.

When Sandoval wrote "Du Page DUI" without providing details about which charges the demand applied to, he did not comply with section 3--8--10. For the same reasons that the demand failed to meet the requirements of section 3--8--10, the State also did not have actual notice of the charges. It simply lacked the information necessary to apply the demand to any given charge, and it was not required to assert Sandoval's rights for him. As a result, I would hold that the speedy trial period never began to run and that the trial court erred when it dismissed the charges.

Because Sandoval's demand was insufficient under section 3--8--10, it is unnecessary to address the applicability of the local court rule requiring case numbers to be included in speedy trial

2--06--0996 & 2--06--1053 cons.

demands under section 103--5(b). However, I observe that, to the extent that it applies to an incarcerated defendant who must make a speedy trial demand under section 3--8--10, the rule is consistent with the statutory requirement that defendants provide the charges pending against them.