# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Lacy*, 2011 IL App (5th) 100347

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ELIJAH S. LACY, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-10-0347 |
| Filed | September 20, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed the charge of first-degree murder against defendant and discharged him from custody where he was not brought to trial within the 120-day speedy trial period and the additional 60 days permitted under section 103-5 of the Code of Criminal Procedure to obtain material evidence |
| Decision Under Review | Appeal from the Circuit Court of Jackson County, No. 09-CF-86; the Hon. E. Dan Kimmel and the Hon. Ronald R. Eckiss, Judges, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael Wepsiec, State's Attorney, of Murphysboro (Patrick Delfino, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
|---|---|
| | Paul Christenson, of Murphysboro, and Christian J. Baril, of Baril Law Office, of Carbondale, for appellee. |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. |
| | Presiding Justice Chapman and Justice Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1    The State appeals from an order of the circuit court of Jackson County that dismissed the criminal prosecution against the defendant, Elijah S. Lacy, and discharged him from custody because he was not brought to trial within the statutory speedy trial period. For reasons that follow, we affirm.

¶ 2    On February 8, 2009, the defendant, Elijah S. Lacy, was arrested and charged with first-degree murder. He remained in custody throughout these proceedings. The defendant requested and was granted several continuances, tolling the running of the speedy trial period. Trial was scheduled for February 1, 2010.

¶ 3    On January 25, 2010, the eighty-third day of the speedy trial period attributable to the State, and six days before trial was scheduled to begin, the State sought a continuance and an extension of the speedy trial period pursuant to section 103-5(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(c) (West 2010)). That section provides as follows:

"If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days." 725 ILCS 5/103-5(c) (West 2010).

¶ 4    The State's motion alleged that a necessary and material witness to the murder, the only eyewitness, was unavailable for trial due to her high-risk pregnancy and her doctor's travel restriction. She had been subpoenaed and would be available to testify at a later date. The defendant objected to any continuance, arguing that the witness could not identify the defendant and was not material. The State's motion was granted over the defendant's objection, and trial was rescheduled for April 26, 2010.

¶ 5        On April 19, 2010, the State filed a "pretrial motion regarding witness availability." The motion alleged that Dale Reamy, the crime scene technician who had processed the murder scene and collected all the evidence, was unavailable to testify at the scheduled trial because he was serving with the military reserve in Afghanistan. The motion sought the agreement of the defendant to instead allow the testimony of police officer Paul Echols, who had been present at the crime scene when Reamy was processing it and collecting evidence.

¶ 6        The motion alleged that if the defendant refused to agree, the State would be forced to seek another continuance of the trial until Reamy was available to testify. The defendant did not agree to the State's proposal, insisting on his right to cross-examine Reamy. Accordingly, the State proceeded with a second motion pursuant to section 103-5(c) for a continuance and an extension of the speedy trial period in order to procure Reamy's presence at trial. The defendant objected on the ground that the statute provides for only one 60-day extension of the speedy trial period, which the State had already exercised with respect to the eyewitness. The State's motion was granted over the defendant's objection, and trial was rescheduled for July 19, 2010.

¶ 7        On July 9, 2010, a different judge was assigned to hear the defendant's jury trial. On July 15, 2010, the defendant filed a motion to dismiss based on the violation of his statutory right to a speedy trial. The motion alleged that the 120-day speedy trial period provided by section 103-5(a) of the speedy trial statute (725 ILCS 5/103-5(a) (West 2010)) plus the additional 60 days permitted under section 103-5(c) had elapsed on June 26, 2010, and that the trial scheduled for July 19, 2010, was set outside of the speedy trial period.

¶ 8        After hearing argument and taking the matter under advisement, on July 19, 2010, the circuit court "reluctantly" granted the defendant's motion to dismiss the charges and discharged him from custody. The court found that it was the 203rd day of the defendant's pretrial incarceration that was attributable to the State and that this exceeded 180 days (the initial 120-day speedy trial period plus the 60-day extension allowed by section 103-5(c)). Noting that the speedy trial statute must be liberally construed in favor of the defendant, the court held as follows:

> "[T]he State can request multiple continuances per 103-5(c) upon proper proof of due diligence. This was done. This Court does not believe that the total of these continuances may exceed 60 days. This Court believes the total maximum time for defendant to be tried is 180 days."

¶ 9        Because 203 days attributable to the State had passed, the court concluded that the defendant's statutory speedy trial right had been violated, and the charges were dismissed and the defendant was discharged from custody. The State appeals.

¶ 10       The State argues on appeal that the statute does not prohibit it from seeking multiple continuances of "not more than an additional 60 days" each, nor does it prohibit the State from extending the speedy trial period beyond 180 days (120 plus 60 days) in the event of multiple continuances. Thus, the State argues that there is no statutorily described limitation on the number of continuances, nor is there any language which states that the sum total of continuances cannot exceed 60 days. We find no support for the State's position in the plain language of the statute, in the statute's purpose, or in existing case law.

¶ 11    The issue presented is one of statutory construction and our review is *de novo*. *People v. Jones*, 214 Ill. 2d 187, 193 (2005). The primary objective of statutory interpretation is to determine and give effect to the legislature's intent. *Jones*, 214 Ill. 2d at 193. This inquiry properly begins by examining the language of the statute at issue, which is the best evidence of legislative intent and must be given its plain and ordinary meaning. *People v. Hari*, 218 Ill. 2d 275, 292 (2006). It is never proper for a court to depart from plain language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. *Hari*, 218 Ill. 2d at 292. If the plain language reveals legislative intent, we will give that intent effect without resorting to other interpretive aids. *Hari*, 218 Ill. 2d at 292. We are also reminded that the speedy trial statute enforces the constitutional right to a speedy trial, and thus its protections are to be liberally construed in favor of the defendant. *People v. Sandoval*, 381 Ill. App. 3d 142, 146 (2008).

¶ 12    We find no ambiguity in the language of section 103-5(c) and find no support for the State's position in the plain language of the statute. It plainly states that the case may be continued on motion of the State "for not more than an additional 60 days." 725 ILCS 5/103-5(c) (West 2010). While the statute does not indicate how many continuances the State may obtain, it clearly states that "the court may continue the cause on application of the State for not more than an additional 60 days." 725 ILCS 5/103-5(c) (West 2010). The State argues that it may seek and obtain multiple continuances and that each one may be for "not more than an additional 60 days." Such a construction would require us to read into the statute exceptions, limitations, or conditions which are not expressed and which conflict with the clearly expressed legislative intent. This we may not do. *Hari*, 218 Ill. 2d at 292.

¶ 13    Furthermore, such a construction would not be consistent with the purpose of the speedy trial statute, which is to enforce the constitutional right to a speedy trial. We must construe the statute liberally in favor of the defendant. *Sandoval*, 381 Ill. App. 3d at 146.

¶ 14    While several cases have discussed the application of section 103-5(c), no court has directly addressed the precise question before us. In *People v. Almo*, 123 Ill. App. 3d 406, 409-11 (1984), the court found no abuse of discretion when the circuit court granted the prosecution two extensions, the first for 30 days to locate one witness, and the second for an unknown period of time to locate a different witness. There is no indication whether the two continuances together exceeded 60 days. The only issue on appeal was whether the prosecution had established materiality and due diligence. While *Almo* indicates that multiple continuances may be permitted, it does not tell us whether they may exceed 60 days in total.

¶ 15    In *People v. Hughes*, 274 Ill. App. 3d 107 (1995), the State obtained two continuances of the speedy trial period, but they did not exceed 60 days in total. The first continuance was sought on July 6, the second on July 27, and trial commenced September 2. 274 Ill. App. 3d at 108. Again, the only issues on appeal were materiality and due diligence. The court concluded that the circuit court had not abused its discretion. 274 Ill. App. 3d at 112. *Hughes* indicates that multiple continuances are permitted but does not tell us whether they may exceed 60 days in total.

¶ 16    In *People v. Exson*, 384 Ill. App. 3d 794 (2008), the State was granted a continuance of 30 days to locate a witness. In discussing the statute, the court stated that the speedy trial

period "may be extended *once* by up to 60 days" (emphasis added), but the length or number of continuances was not the issue before the court. 384 Ill. App. 3d at 798. The only issue before the appellate court was the circuit court's finding that the State had exercised due diligence in trying to locate the witness. The appellate court held that the circuit court had abused its discretion in granting the continuance because the State had not exercised due diligence in locating the witness. 384 Ill. App. 3d at 803. *Exson* provides us little guidance except in the form of *obiter dicta*.

¶ 17       In *People v. Johnson*, 323 Ill. App. 3d 284, 289 (2001), discussing a similar provision of the speedy trial statute which allows the State a 120-day extension to obtain results of DNA testing, the court stated, again in *obiter dicta*, that the statute "allows the trial court to continue cases involving DNA testing *** beyond the initial 120-day period *** for a total maximum period of 240 days."

¶ 18       *Obiter dicta* are comments in a judicial opinion that are unnecessary to the disposition of the case. *People v. Williams*, 204 Ill. 2d 191, 206 (2003). Such an expression or opinion as a general rule is not binding as authority or precedent within the *stare decisis* rule. *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993).

¶ 19       Had the legislature intended the construction advanced by the State, it could have easily made that intention clear in the plain language of the statute. It did not do so. We believe the legislature's intent is clear from the plain language of the statute: "the court may continue the cause on application of the State for not more than an additional 60 days." 725 ILCS 5/103-5(c) (West 2010). We find no ambiguity in this language and believe that its meaning is plain and that the legislature could have easily written the statute to comport with the State's interpretation but did not. We conclude, as did the circuit court, that under section 103-5, a defendant in custody must be brought to trial no later than 180 days after his incarceration.

¶ 20       We note, as did the circuit court, that the State has options available to it other than extending the speedy trial period in the event it is not ready for trial at the expiration of the speedy trial period. In a case such as the one at bar where the State has already obtained the maximum continuance of 60 days but still is not ready for trial, the State is not forced to proceed to trial unprepared. It can release the defendant from custody on bond or recognizance, thereby extending the period within which it must bring the defendant to trial.

¶ 21       Finally, for the first time on appeal the State argues that to construe the statute so as to limit the number or length of continuances allowable to the State under section 103-5(c) would render the statute unconstitutional because such a construction results in a violation of the constitutional principle of separation of powers. It is axiomatic that arguments not raised in the circuit court may not be raised for the first time on appeal. *Parks v. Kownacki*, 193 Ill. 2d 164, 180 (2000). Accordingly, we decline to address the argument.

¶ 22       For the foregoing reasons, the order of the circuit court of Jackson County dismissing the charges against the defendant and discharging him from custody as a result of the violation of his statutory right to a speedy trial is hereby affirmed.


¶ 23       Affirmed.