# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Hodges*, 2011 IL App (2d) 110165

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON B. HODGES, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0165 |
| Filed | December 12, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly denied defendant's motion to withdraw his guilty plea to identity theft under section 16G-15(a)(4) of the Criminal Code, notwithstanding defendant's contention that section 16G-15(a)(4) did not require a culpable mental state and potentially punished wholly innocent conduct, since the *obiter dictum* in the Illinois Supreme Court's decision in *Madrigal* that section 16G-15(a)(4) requires general knowledge and a criminal purpose is binding. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 08-CF-1636; the Hon. Robert G. Kleeman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, Lawrence M. Bauer and Victoria E. Jozef, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justice Burke concurred in the judgment and opinion.
Justice McLaren dissented, with opinion.

**OPINION**

¶ 1    Defendant, Jason B. Hodges, pleaded guilty to one count of identity theft under section 16G-15(a)(4) of the Criminal Code of 1961 (Code) (720 ILCS 5/16G-15(a)(4) (West 2008)) and was sentenced to seven years' imprisonment. Defendant filed a motion to withdraw his guilty plea, arguing that the trial court's judgment was void because section 16G-15(a)(4) lacks a culpable mental state and thus is facially unconstitutional. The trial court denied defendant's motion, and defendant brought this timely appeal.

¶ 2    On appeal, defendant argues that the trial court erred in denying his motion to withdraw his guilty plea, because section 16G-15(a)(4) of the Code is facially unconstitutional, as it does not require a culpable mental state and potentially punishes wholly innocent conduct. Section 16G-15(a)(4) of the Code provides that a person commits identity theft when he or she knowingly "uses, obtains, records, possesses, sells, transfers, purchases, or manufactures any personal identification information or personal identification document of another knowing that such personal identification information or personal identification documents were stolen or produced without lawful authority." 720 ILCS 5/16G-15(a)(4) (West 2008). Whatever the merits of defendant's argument on appeal, we must affirm the trial court's judgment because of the supreme court's statement in *People v. Madrigal*, 241 Ill. 2d 463 (2011).

¶ 3    In *Madrigal*, the defendant challenged section 16G-15(a)(7) of the Code (720 ILCS 5/16G-15(a)(7) (West 2008)), which provides that a person commits identity theft when he or she knowingly "uses any personal identification information or personal identification document of another for the purpose of gaining access to any record of the actions taken, communications made or received, or other activities or transactions of that person, without the prior express permission of that person." The defendant argued that section 16G-15(a)(7) lacked a culpable mental state and potentially punished wholly innocent conduct. *Madrigal*,

-2-

241 Ill. 2d at 465. The supreme court agreed with the defendant and upheld the trial court's finding that section 16G-15(a)(7) was facially unconstitutional. *Madrigal*, 241 Ill. 2d at 472-73. However, the supreme court made the following statements regarding the other subparagraphs of section 16G-15(a):

> "All seven of the subparagraphs in section 16G-15(a) require at least a mental state of mere knowledge, as introductory paragraph (a) makes clear ***. [Citation.] The first five offenses listed in subparagraphs (a)(1) through (a)(5), however, also require the additional element of criminal intent or knowledge. In other words, they require a criminal purpose in addition to the general knowledge that one is committing the actions specified. Subparagraphs (a)(1) through (a)(5) are not at issue in this case and clearly do not fall within the parameters of the line of cases that deal with statutes that potentially punish innocent conduct." *Madrigal*, 241 Ill. 2d at 470.

¶ 4      This statement by the supreme court–that subparagraphs (a)(1) through (a)(5) require a criminal purpose in addition to general knowledge and do not fall within the line of cases that deal with statutes that potentially punish innocent conduct–precludes any challenge to the constitutionality of subparagraph (a)(4) on the ground that it lacks a culpable mental state and potentially punishes innocent conduct. Although subparagraph (a)(4) was not at issue in *Madrigal* and the court's statement appears to be *obiter dictum*, " '[e]ven *obiter dictum* of a court of last resort can be tantamount to a decision and therefore binding in the absence of a contrary decision of that court.' " *Nudell v. Forest Preserve District*, 207 Ill. 2d 409, 416 (2003) (quoting *Cates v. Cates* 156 Ill. 2d 76, 80 (1993)). No exception to this rule appears in existing case law, and there is no decision contrary to *Madrigal*. Accordingly, we are bound by the statement in *Madrigal* and must affirm the trial court's denial of defendant's motion to withdraw his guilty plea.

¶ 5      The judgment of the circuit court of Du Page County is affirmed.

¶ 6      Affirmed.

¶ 7      JUSTICE McLAREN, dissenting.

¶ 8      I respectfully dissent because I believe that a close reading of *Madrigal* shows the inconsistency between the *dicta* and the holding in *Madrigal*. *Madrigal* compared, through *dicta*, subparagraphs (a)(1) through (a)(6) with subparagraph (a)(7), which was in contention. The *dicta* declared that subparagraphs (a)(1) through (a)(5) contained an additional element of criminal intent or knowledge beyond that of mere knowledge but that subparagraph (a)(6) did "not appear" to do so.[1] *Madrigal*, 241 Ill. 2d at 470-71. The *dicta* were required for neither the logical analysis of the merits of the appeal (*ratio decidendi*) nor the holding

---

[1]Because subparagraph (a)(6) was "not at issue," the court made "no ruling with respect to its constitutionality." *Madrigal*, 241 Ill. 2d at 471 n.1.

(*decisis*) and, thus, are *obiter dicta*.[2] The constitutionality of subparagraph (a)(7) did not rest on the validity of any or all of the other six subparagraphs.

¶ 9    In analyzing *Madrigal*, the First District Appellate Court related:

"[T]he Illinois Supreme Court rejected the State's request to read a mental state into a statute criminalizing innocent conduct under the rubric of identity theft. The supreme court applied the rule that a statute violates the due process clauses of both the Illinois and United States Constitutions if it potentially subjects wholly innocent conduct to criminal penalty without requiring a culpable mental state beyond mere knowledge. *Madrigal*, 241 Ill. 2d at 467. The identity theft statute at issue specified a mental state of mere knowledge, not criminal intent or knowledge. *Madrigal*, 241 Ill. 2d at 470. Thus, the supreme court could not substitute a culpable mental state for mere knowledge. In contrast, where a statute does not specify a mental state in the first instance, the court may read a culpable mental state into the statute. See *Madrigal*, 241 Ill. 2d at 474-75 (discussing *People v. Wright*, 194 Ill. 2d 1 (2000), and *People v. Tolliver*, 147 Ill. 2d 397 (1992))." *People v. Farmer*, 2011 IL App (1st) 083185, ¶ 22.

¶ 10    The *Madrigal* court stated:

"All seven of the subparagraphs in section 16G-15(a) require at least a mental state of mere knowledge, as introductory paragraph (a) makes clear: 'A person commits the offense of identity theft when he or she *knowingly*' does anything proscribed by the different offenses in subparagraphs (a)(1) through (a)(7). (Emphasis added.) 720 ILCS 5/16G-15(a) (West 2008). The first five offenses listed in subparagraphs (a)(1) through (a)(5), however, also require the additional element of criminal intent or knowledge. In other words, they require a criminal purpose in addition to the general knowledge that one is committing the actions specified. Subparagraphs (a)(1) through (a)(5) are not at issue in this case and clearly do not fall within the parameters of the line of cases that deal with statutes that potentially punish innocent conduct. Unlike the offenses described in subparagraphs (a)(1) through (a)(5), however, subparagraph (a)(7) clearly does not require criminal intent, criminal knowledge, or a criminal purpose in order to subject one to a felony conviction and punishment." *Madrigal*, 241 Ill. 2d at 470.

The supreme court saw references to criminality in subparagraphs (a)(1) through (a)(5). However, the court's analysis did not directly relate how the language in subparagraph (a)(4) made the proscribed actions criminal. The criminality contained in subparagraph (a)(4) relates to the theft or production of information without lawful authority:

"(4) uses, obtains, records, possesses, sells, transfers, purchases, or manufactures any personal identification information or personal identification document of another knowing that such personal identification information or personal identification documents *were stolen or produced without lawful authority*[.]" (Emphasis added.) 720

---

[2]"*Obiter dicta* are comments in a judicial opinion that are unnecessary to the disposition of the case. *People v. Williams*, 204 Ill. 2d 191, 206 (2003). Such an expression or opinion as a general rule is not binding as authority or precedent within the *stare decisis* rule. *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993)." *People v. Lacy*, 2011 App (5th) 100347, ¶ 18 (subject to revision or withdrawal).

-4-

ILCS 5/16G-15(a)(4) (West 2008).

¶ 11 However, the acts proscribed are not theft or production, whether by the person charged under subparagraph (a)(4) or someone else (subparagraph (a)(4) does not require that the defendant steal or produce the information or documents); rather, the defendant "uses, obtains, records, possesses, sells, transfers, purchases, or manufactures" while knowing that the information or documents were stolen or produced without lawful authority. Not all of these acts, particularly possession, are necessarily criminal behavior that ought to be punished. Thus, I believe that the *dicta* in *Madrigal*, relating to the facts and the charge in this case, conflict with the holding in *Madrigal*, and this court should address the merits of the claim rather than foreclose such an analysis on the basis of the *obiter dicta*.

¶ 12 The *obiter dicta* claim that subparagraphs (a)(1) through (a)(5), but not specifically subparagraph (a)(4), contain "the additional element of criminal intent or knowledge" such that they require "a criminal purpose in addition to the general knowledge that one is committing the actions specified." *Madrigal*, 241 Ill. 2d at 470. Criminal knowledge requires, for example, that the offender "possess *** for a criminal purpose as opposed to possessing *** for an innocent reason." *In re S.M.*, 347 Ill. App. 3d 620, 626 (2004) (implying a mental state of criminal knowledge to satisfy the *mens rea* element of unlawful possession of firearms (720 ILCS 5/24-3.1 (West 2000))).

¶ 13 In *Madrigal*, the supreme court did not specifically address what additional criminal intent, knowledge, or purpose is required by subparagraph (a)(4), and I cannot discern such a requirement. Knowledge that information or documents were "stolen or produced without lawful authority" is not criminal knowledge. A mother who confiscates her son's fake driver's license but does not immediately destroy it would probably be surprised to learn that she had "criminal intent or knowledge" such that she would be guilty of a Class 3 felony. The only criminal intent referred to in subparagraph (a)(4) is "knowingly"; thus, the *obiter dicta* are factually incorrect as to subparagraph (a)(4) and are also in conflict with *Madrigal*'s analysis of subparagraph (a)(7) and its holding. "This court has repeatedly held that a statute violates the due process clauses of both the Illinois and United States Constitutions if it potentially subjects wholly innocent conduct to criminal penalty without requiring a culpable mental state beyond mere knowledge." *Madrigal*, 241 Ill. 2d at 467.

¶ 14 I submit that the *obiter dicta* in *Madrigal* should not control the analysis in this appeal. Rather, the rationale and the holding in *Madrigal* should apply to this opinion. Thus, I dissent.