# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

*People v. Lacy*, 2013 IL 113216

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ELIJAH S. LACY, Appellee. |
| Docket No. | 113216 |
| Filed | July 11, 2013 |
| Rehearing denied | September 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The speedy-trial statute neither restricts the State to one 60-day continuance to obtain material evidence nor allows unlimited 60-day extensions; rather, each such 60-day continuance is tied to the specific evidence sought and is granted with respect to it alone, while, if the State knows that more than one witness or item of evidence is unavailable, it should seek continuances as to them at the same time—constitutional standards met. |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Jackson County, the Hon. Ronald Eckiss and the Hon. E. Dan Kimmel, Judges, presiding. |
| Judgment | Judgments reversed.<br>Cause remanded. |

Counsel on    Lisa Madigan, Attorney General, of Springfield, and Michael Wepsiec,
Appeal        State's Attorney, of Murphysboro (Michael A. Scodro, Solicitor General,
              and Michael M. Glick and Garson S. Fischer, Assistant Attorneys
              General, of Chicago, and Patrick Delfino, Stephen E. Norris and Patrick
              D. Daly, of the Office of the State's Attorneys Appellate Prosecutor, of
              Mt. Vernon, of counsel), for the People.


              Christian J. Baril, of Carbondale, for appellee.


Justices      JUSTICE BURKE delivered the judgment of the court, with opinion.

              Chief Justice Kilbride and Justices Freeman, Thomas, and Karmeier
              concurred in the judgment and opinion.

              Justice Garman dissented, with opinion, joined by Justice Theis.

## OPINION

¶ 1    Section 103-5(c) of the Illinois speedy-trial statute (725 ILCS 5/103-5(c) (West 2010)) authorizes a circuit court to continue a criminal case for "not more than an additional 60 days" to allow the State to obtain "evidence material to the case" if the State has exercised "due diligence" to obtain the evidence and "there are reasonable grounds to believe that such evidence may be obtained at a later day." In this case, the circuit court granted the State two separate continuances prior to trial under section 103-5(c) because two of the State's witnesses were, for different reasons and at different times, temporarily unavailable. The two continuances, when added together, totaled more than 60 days.

¶ 2    Following a substitution of judge, the defendant moved for dismissal of the charges against him, arguing that section 103-5(c) limited the State to not more than 60 days' continuance in total, and that when this limitation was taken into account, the statutory speedy-trial period had expired. The circuit court agreed with defendant, granted his motion and dismissed the charges against him. The appellate court affirmed. 2011 IL App (5th) 100347. For the reasons that follow, we reverse the judgments of the lower courts and remand this cause to the circuit court for further proceedings.


¶ 3                              BACKGROUND

¶ 4    The defendant, Elijah S. Lacy, was arrested on February 8, 2009, and subsequently charged in the circuit court of Jackson County with first degree murder and home invasion. After defendant was granted several continuances, a trial date was set for February 1, 2010. Defendant remained in custody throughout the proceedings.

¶ 5    On January 25, 2010, the State filed a motion to continue pursuant to section 103-5(c)

of the speedy-trial statute (725 ILCS 5/103-5(c) (West 2010)). In this motion, the State explained that Rebecca Pope, the only eyewitness to the events that gave rise to the charges against defendant, would be unable to travel from her home in Missouri to attend the scheduled trial because she was in the midst of a high-risk pregnancy and travel restrictions had been placed on her by her doctor. The motion included documentation from Pope's doctor and stated that Pope's due date was March 1, 2010. The circuit court granted the State's motion over defendant's objection and set a new trial date of April 26, 2010.

¶ 6        On April 19, 2010, the State filed a "pretrial motion regarding witness availability," which asserted that the crime scene technician, Officer Dale Reamy of the Carbondale police department, was unavailable to testify at the scheduled trial because he had been deployed by the army reserve to Afghanistan. The motion requested the agreement of defendant to allow Lt. Paul Echols, who was present at the crime scene when evidence was collected, to testify in Reamy's stead. The motion also stated that, in the absence of defendant's agreement, the State would be forced to seek a continuance of the trial date until Reamy returned from overseas.

¶ 7        On April 23, 2010, defendant filed his own motion to continue, arguing in part that the continuance was necessary so Reamy would be available for cross-examination. The circuit court granted defendant's motion and rescheduled the trial for June 21, 2010.

¶ 8        On June 14, 2010, defendant filed a motion stating that he would not agree to the State's request that Echols be allowed to testify in place of Reamy. Consequently, the State filed a second motion requesting an extension of the speedy-trial period under section 103-5(c). In this motion, the State asserted that Reamy would be unavailable to attend the trial on the scheduled date because he would still be serving in Afghanistan. The motion further stated that Reamy would be back in the area on July 15, 2010, and would be able to testify at that time. Over defendant's objection, the circuit court granted the State's motion and rescheduled the trial for July 19, 2010. Including the continuance allowed with respect to Rebecca Pope, the two continuances granted the State under section 103-5(c) totaled more than 60 days.

¶ 9        On July 9, 2010, a different trial judge was assigned to defendant's case. On July 15, 2010, defendant filed a motion to dismiss on the basis that the statutory speedy-trial period had expired. In his motion, defendant argued that section 103-5(c) allows a total of only 60 days' continuance, regardless of the circumstances confronted by the State. The motion further alleged that the general, 120-day speedy-trial period provided under section 103-5(a) of the speedy-trial statute (725 ILCS 5/103-5(a) (West 2010)), plus the additional 60 days of continuance allowed under section 103-5(c) (a total of 180 days), had elapsed on June 26, 2010. Thus, defendant's motion contended that the statutory speedy-trial period had expired, and the case against him should be dismissed.

¶ 10        On July 19, 2010, following a hearing, the circuit court "reluctantly" granted defendant's motion. The circuit court held: "[T]he State can request multiple continuances per 103-5(c) upon proper proof of due diligence. This was done. This Court does not believe that the total of these continuances may exceed 60 days. This Court believes the total maximum time for defendant to be tried is 180 days." The circuit court determined that July 19, 2010, was the

203rd day of defendant's pretrial custody that was attributable to the State, or 23 days past the maximum permitted, in the view of the court, under the speedy-trial statute. Accordingly, the circuit court dismissed the charges and ordered defendant released from custody.

¶ 11    The State appealed, arguing that section 103-5(c) of the speedy-trial statute does not limit it to a total of 60 days' continuance. The appellate court rejected this contention, concluding that under the statute, a defendant must be brought to trial no later than 180 days after he is taken into custody. 2011 IL App (5th) 100347. We granted the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 12                                ANALYSIS

¶ 13    At issue in this case is whether the State is limited to a total of 60 days' continuance under section 103-5(c) of the speedy-trial statute (725 ILCS 5/103-5(c) (West 2010)). The parties acknowledge that this precise issue has not been addressed in any prior case law and, thus, is one of first impression. Because the issue presented raises a question of statutory interpretation, our review is *de novo. Mattis v. State Universities Retirement System*, 212 Ill. 2d 58, 76 (2004).

¶ 14    Section 103-5(c) of the speedy-trial statute provides:

> "If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days. If the court determines that the State has exercised without success due diligence to obtain results of DNA testing that is material to the case and that there are reasonable grounds to believe that such results may be obtained at a later day, the court may continue the cause on application of the State for not more than an additional 120 days." 725 ILCS 5/103-5(c) (West 2010).

¶ 15    As he did in the courts below, defendant maintains that, because section 103-5(c) states that the cause may be continued "for not more than an additional 60 days," the State may not, under any circumstances, be granted more than 60 days in total to obtain material evidence. The State counters by arguing that the plain language of section 103-5(c) "sets no limits on the number of times" a continuance may be granted and, therefore, the statute allows the State to obtain multiple continuances of not more than 60 days each upon a showing of due diligence, materiality of the evidence, and reasonable grounds to believe the evidence may be obtained at a later date. In our view, neither of these arguments hits the mark.

¶ 16    Section 103-5(c) provides that where the State has exercised due diligence to obtain material evidence and "there are reasonable grounds to believe that *such evidence* may be obtained at a later day" (emphasis added) (725 ILCS 5/103-5(c) (West 2010)), the State may be granted up to 60 days to obtain *that evidence*. From this language it is clear that the 60-day time period is tied to the specific evidence for which the continuance is being sought. So, for example, in this case, when the circuit court granted the State a continuance to obtain the testimony of Rebecca Pope, the continuance was granted with respect to that evidence alone. Officer Reamy's testimony was different evidence and when that testimony became

-4-

unavailable, the State was entitled under section 103-5(c) to seek a separate continuance to obtain "such evidence."

¶ 17    In arguing that the State may receive no more than a total of 60 days' continuance, defendant is, in effect, saying that the phrase "such evidence" refers to *all* material evidence for which the State may seek continuances, regardless of when or why those continuances are sought. This is a strained reading of the statute. The more natural reading is that the phrase "such evidence" refers to that evidence for which the State is seeking a continuance and, therefore, the State in this case was entitled to seek one continuance of not more than 60 days to obtain the testimony of Rebecca Pope, and a separate continuance of not more than 60 days to obtain the testimony of Officer Reamy. Indeed, in our view, had the General Assembly intended the meaning argued by defendant, *i.e.*, that the maximum time period under section 103-5(c) is 60 days in total, it could have easily said so. It did not.

¶ 18    At the same time, the State's contention that section 103-5(c) "sets no limits on the number of times" a continuance may be granted is also incorrect. Where the conditions of section 103-5(c) are satisfied, the State may seek separate continuances in order to obtain different items of material evidence, but the statute plainly indicates that the State is only entitled to one continuance of not more than 60 days for each item. Thus, contrary to the State's assertion, section 103-5(c) does not permit an unlimited number of continuances.

¶ 19    Further, there are significant restraints placed on the use of the continuances under section 103-5(c). Before granting a continuance, the circuit court must find, in the exercise of its discretion, that the evidence for which the continuance is sought is material to the case, that the State has exercised due diligence to obtain such evidence, and that there are reasonable grounds to believe that such evidence will be available at a later date. These requirements prevent the State from using the statute to create unnecessary delay. For example, if the State is aware, at the outset, that two different witnesses are unavailable, due diligence requires that the unavailability of both witnesses be disclosed to the circuit court at that time. The State cannot move for a continuance to obtain the testimony of one witness, exhaust that continuance, and then move for a continuance for the second witness. In this way, the statute prevents the State from unnecessarily prolonging the proceedings but allows the State additional time to obtain material evidence when, as in this case, a second witness unexpectedly becomes unavailable.

¶ 20    Defendant also contends that reading section 103-5(c) as allowing for more than a total of 60 days' continuance would be "inconsistent with the purpose of the speedy trial statute," which is to implement the right to a speedy trial guaranteed by the federal and state constitutions. The constitutional speedy-trial provisions do not contain a specific time limit within which a defendant must be tried. See U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. Rather, to determine whether a constitutional speedy-trial violation has occurred, four factors are considered as part of a balancing analysis: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the speedy-trial right, and (4) prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *People v. Crane*, 195 Ill. 2d 42, 46-48 (2001). Illinois' speedy-trial statute implements the constitutional right to a speedy trial by setting forth a definite time limit within which a defendant must be brought to trial. *People v. Sandoval*, 236 Ill. 2d 57, 67 (2010); *Crane*, 195

Ill. 2d at 47-48. According to defendant, only a limit of 60 days' continuance in total under section 103-5(c) would be sufficiently definite to serve this purpose. We disagree.

¶ 21 Under the constitutional speedy-trial analysis, the State's inability to obtain material evidence after exercising due diligence, and in particular the inability to obtain the testimony of a material witness, is considered a presumptively valid reason for delay. *Barker*, 407 U.S. at 531; see generally Kristine Cordier Karnezis, Annotation, *Illness or Incapacity of Judge, Prosecuting Officer, or Prosecution Witness as Justifying Delay in Bringing Accused Speedily to Trial—State Cases*, 78 A.L.R.3d 297, § 5 (1977). Recognizing this fact, many speedy-trial statutes place no limit on the amount of time allowed when the government is diligently seeking material evidence. See, *e.g.*, Alaska R. Crim. P. 45(d)(3)(a) (2012); Ark. R. Crim. P. R. 28.3(d)(1) (2013); Fla. R. Crim. P. 3.191(*l*)(3) (2013); Haw. R. Penal P. 48(c)(4)(i) (2013); Neb. Rev. Stat. § 29-1207(4)(c)(i) (2012); N.Y. Crim. Proc. Law § 30.30(4)(g) (McKinney 2013); see also, *e.g.*, 18 U.S.C. § 3161(h)(3)(A) (2006) (excluding period of delay when an essential witness is unavailable); Mass. R. Crim. P. 36(b)(2)(B) (2013) (same). However, as we have explained, section 103-5(c) places an explicit limit on the length of the permitted continuance, tying the extension of time to the evidence being sought and providing for one, and only one, continuance of not more than 60 days to obtain an item of material evidence. This is a sufficiently defined period of time to serve the purpose of implementing the constitutional right to a speedy trial.

¶ 22 In the case at bar, the State was entitled to seek one continuance of not more than 60 days under section 103-5(c) to obtain the testimony of Rebecca Pope. The State was also entitled to seek a second continuance of not more than 60 days to obtain the testimony of Officer Reamy, since that testimony constituted different evidence. Further, defendant does not contend that the circuit court abused its discretion when it initially found that the State acted with due diligence in attempting to secure the testimony of the two witnesses, that their testimony was material, and that there were reasonable grounds to believe that their testimony would be obtained at a later day. Accordingly, the circuit court erred when it subsequently held that the speedy-trial statute was violated.

¶ 23                                                          CONCLUSION

¶ 24 For the foregoing reasons, the judgments of the circuit and appellate courts are reversed. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 25 Judgments reversed.

¶ 26 Cause remanded.

¶ 27 JUSTICE GARMAN, dissenting:

¶ 28 The majority holds that section 103-5(c) allows the trial court to grant the State one 60-day continuance to obtain each piece of evidence or each witness that is unavailable during the speedy-trial period. Because I believe the majority's interpretation of the statute is

incorrect, I respectfully dissent.

¶ 29    Defendants have the right to a speedy trial under the United States and Illinois constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8). As the majority notes, under the constitutional analysis, whether a defendant's right to a speedy trial has been violated depends on four factors: (1) the length of the delay in the trial, (2) the reasons for the delay, (3) the defendant's assertion of the speedy-trial right, and (4) prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Illinois' speedy-trial act implements the constitutional right to a speedy trial and this court has recognized that the act is to be liberally construed. *People v. Staten*, 159 Ill. 2d 419, 427 (1994). Although the statute implements a defendant's constitutional right to a speedy trial, the constitutional right and the right conferred by the statute are not precisely equivalent. A defendant need not show prejudice under the statutory right and all that is required is that the defendant has not been brought to trial within the statutory period and that the defendant has not caused or contributed to the delay. When a statutory speedy-trial violation is alleged, the statute operates to prevent the constitutional issue from arising except in cases involving prolonged delay or novel issues. *Id.* at 426-27.

¶ 30    The majority relies on the plain language of section 103-5(c) in concluding that the phrase "such evidence" refers to the evidence for which the State is seeking a continuance. Thus, according to the majority, the State was entitled to one 60-day continuance to obtain Rebecca Pope's testimony and one 60-day continuance to obtain Officer Reamy's testimony. *Supra* ¶ 17. In my view, the majority focuses on the wrong language. The question before this court is whether the phrase "not more than an additional 60 days" permits the State more than one continuance of 60 days past the expiration of the speedy-trial period under the statute. The majority's emphasis on the phrase "such evidence" is misplaced. When the State seeks a continuance to obtain material evidence, the continuance, if granted, would obviously refer to that evidence. Thus, the phrase "such evidence" lacks the significance the majority ascribes to it. Rather, the key phrase is "not more than an additional 60 days."

¶ 31    The majority rightly rejects the State's argument that "additional" means that it may obtain multiple continuances of not more than 60 days each. However, the majority errs in holding that the State may obtain one 60-day continuance for each piece of evidence and each witness. What the majority withholds with one hand, it bestows with the other. Under the majority's holding, the State may not obtain an unlimited number of 60-day continuances for each separate witness or separate item of evidence. However, the majority would allow the State to obtain a potentially unlimited number of continuances, as long as each continuance does not exceed 60 days for each witness or item of evidence. In a complex case with many witnesses and much evidence, the State may be able to obtain continuances that would take the case long past the 120-day speedy-trial period. Such a result may encourage a defendant to invoke his constitutional right to a speedy trial, something the legislature sought to avoid in limiting the State's ability to obtain continuances under section 103-5(c).

¶ 32    I would find the language "no more than an additional 60 days" in section 103-5(c) to be ambiguous. While I would reject the State's construction of that language, I do not find that construction to be inherently unreasonable. Where the language of a statute is ambiguous, we may consider the purposes of the statute. *Reda v. Advocate Health Care*, 199 Ill. 2d 47,

-7-

55 (2002). As noted above, section 103-5(c) implements a defendant's constitutional right to a speedy trial and this court has recognized that the statute is to be liberally construed. When a statutory speedy-trial violation is alleged, the statute operates to prevent the constitutional issue from arising except in cases involving prolonged delay or novel issues. *Staten*, 159 Ill. 2d at 426-27. This court has noted that the balancing analysis in the constitutional speedy-trial right is inherent in our speedy-trial statute and that this balancing is the prerogative of the General Assembly. *People v. Sandoval*, 236 Ill. 2d 57, 67 (2010). Since, under the majority's analysis, especially in complex cases, the State can have potentially unlimited 60-day continuances for as many witnesses and items of evidence it cannot obtain within the speedy-trial period, defendants may be forced to invoke their constitutional speedy-trial rights. This is contrary to the purpose of the statute. Had the legislature wished to provide not more than one 60-day continuance for each witness and each item of evidence, it could easily have used language in the statute to make that clear. It did not and that omission is telling.

¶ 33      The majority's reliance on statutes of our sister states to support its holding is misplaced. Not only do none of the cited statutes place any time limits on continuances granted at the State's request, a review of these statutes reveals that they are considerably more liberal than our statute with respect to the reasons the State may be granted continuances. For example, most of the statutes cited by the majority except from the speedy-trial period delay caused by continuances granted the State in cases where the prosecutor requires additional time to prepare the State's case due to the complexity of the case or due to other exceptional circumstances. These exceptions are in addition to continuances sought for the unavailability of witnesses or material evidence. See Alaska R. Crim. P. 45(d)(3)(b) (2012); Ark. R. Crim. P. R. 28.3(d)(2) (2013); Fla. R. Crim. P. 3.191(*l*)(2) (2013); Haw. R. Penal P. 48(c)(4)(ii) (2013); Neb. Rev. Stat. § 29-1207(4)(c)(ii) (2012); N.Y. Crim. Proc. Law § 30.30(4)(g)(ii) (McKinney 2013).

¶ 34      In contrast, section 103-5(c) of our speedy-trial statute is much more restrictive. The open-ended continuances allowed under the cited statutes require a balancing analysis similar to that required under the constitutional speedy-trial right. Our legislature has sought to avoid that possibility by providing for continuances totaling no more than 60 days beyond the speedy-trial period. The majority's holding undermines that intent.

¶ 35      I note that the State was not without options in this case. When it became clear that Reamy's presence at trial could not be secured within the maximum allowable time, the State could have asked the trial court to lower defendant's bond or release him on his own recognizance. The State could have sought a plea bargain with defendant. It could have gone to trial without Reamy's testimony. Instead, the State sought a continuance that would have caused defendant's trial to take place beyond the 180-day maximum speedy-trial period. The trial and appellate courts rightly concluded that this was not permissible under the statute. The majority errs in reversing those decisions.

¶ 36      JUSTICE THEIS joins in this dissent.